MEF:JAW:jaw
F.#1998R02097
SPERO.IND

FILED
IN CLERK'S OFFICE
U.S. DI———————
★ JUN 0 8 1999 ★
P.M. ————
TIME A.M. ————

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

JOSEPH BENANTI,
DEAN BENASILLO,
JOSEPH BISSADA,
   also known as "Quaddafi,"
JOSEPH CALCO,
FABRITZIO DEFRANCISCI,
   also known as "Fabrizzio,"
JOSEPH DELLATORRE,
   also known as "Little Joey,"
ANTHONY GONZALEZ,
   also known as "Gonzo,"
CHRISTOPHER LABATE,
   also known as "Chris AM,"
ROBERT PATTERSON,
JOSEPH PONTECORVO,
   also known as "Joe Pont,"
MICHAEL PONTECORVO,
   also known as "Michael Pont,"
THOMAS REYNOLDS,
ANTHONY SPERO, and
MICHAEL YAMMINE,

                  Defendants.

- - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 99-520
(T. 18, U.S.C., §§ 924(c)(1),
1962(c), 1962(d), 1963, 2
and 3551 et seq.; T. 21,
U.S.C., §§ 846, 848(e)(1)(A),
841(b)(1)(A)(ii)(II),
841(b)(1)(A)(iii) and
841(b)(1)(C))

THE GRAND JURY CHARGES:

INTRODUCTION TO ALL COUNTS

      At all times relevant to this indictment, unless otherwise indicated:

The Enterprise

      1. The members and associates of the Bonanno organized crime family of La Cosa Nostra (the "Bonanno family") constituted



an "enterprise," as that term is defined in Title 18, United States Code, Sections 1959(b)(2) and 1961(4), that is, a group of individuals associated in fact. The Bonanno family engaged in, and its activities affected, interstate and foreign commerce. The Bonanno family was an organized criminal group that operated in the Eastern District of New York and other parts of the United States.

2. The Bonanno family operated through groups of individuals headed by "captains," who were also referred to as "skippers," "caporegimes" and "capodecinas." These groups, which were referred to as "crews," "regimes" and "decinas," consisted of "made" members of the Bonanno family, who were referred to as "soldiers," "friends of ours," "good fellows" and "buttons," and associates of the Bonanno family.

3. Each captain was responsible for supervising the criminal activities of his crew and providing crew members and associates with support and protection. In return, the captain received a share of the earnings of each of the crew's members and associates.

4. Above the captains were the three highest-ranking members of the Bonanno family. The head of the Bonanno family was known as the "boss." He was assisted by an "underboss" and a counselor, who was known as the "consigliere." With the assistance of the underboss and consigliere, the boss was responsible for setting policy, resolving disputes between members of the Bonanno family and members of other criminal organizations, and approving

all significant actions by members of the Bonanno family, including murder.

5. The boss, underboss and consigliere of the Bonanno family, who were sometimes referred to collectively as the "administration," supervised, supported, protected and disciplined the captains, soldiers and associates and regularly received reports regarding the activities of the members and associates of the Bonanno family. In return for their supervision and protection, the boss, underboss and consigliere received part of the illegal earnings of each crew.

6. The Bonanno family was part of a nationwide criminal organization known by various names, including the "mafia" and "La Cosa Nostra," which operated through entities known as "families." The ruling body of this nationwide organization was known as the "commission," the members of which has at various times included the bosses of the five New York City-based families, including the boss of the Bonanno family. For a period of time, the boss of the Bonanno family was removed from membership within the commission because of, inter alia, the policy of the Bonanno family to explicitly authorize drug-trafficking activities by its members and associates.

7. From time to time, the Bonanno family would propose a list of associates to be "made," that is, to become members of the Bonanno family. The list would be circulated to the other families based in New York City. Upon becoming "made," each member would

take an oath of "omerta," vowing never to reveal any information about the Bonanno family, its members or associates.

8. The defendants JOSEPH BENANTI, DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI, also known as "Fabrizzio," JOSEPH DELLATORRE, also known as "Little Joey," ANTHONY GONZALEZ, also known as "Gonzo," THOMAS REYNOLDS, ANTHONY SPERO and MICHAEL YAMMINE were members and associates of the Bonanno family. At various times relevant to this indictment, the defendant ANTHONY SPERO was the consigliere and acting boss of the Bonanno family. The defendant JOSEPH BENANTI was a soldier of the Bonanno family, assigned to the crew headed by captain Anthony Graziano, also known as "T.G." The defendants DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI, JOSEPH DELLATORRE, also known as "Little Joey," ANTHONY GONZALEZ, THOMAS REYNOLDS and MICHAEL YAMMINE were associates of the Bonanno family, who reported to the defendant JOSEPH BENANTI.

## The Purposes, Methods and Means of the Enterprise

9. The principal purpose of the enterprise was to generate money for its members and associates. This purpose was implemented by members and associates of the enterprise through various criminal activities affecting interstate and foreign commerce, including drug trafficking. Among other methods and means by which the members of the enterprise furthered its criminal activities were threats to cause economic injury and the threatened and actual use of physical violence, including murder.

## COUNT ONE
(Racketeering)

10. The allegations in paragraphs 1 through 9 are hereby realleged and incorporated as if fully set forth herein.

11. In or about and between January 1991 and the filing of this indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH BENANTI, DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI, also known as "Fabrizzio," JOSEPH DELLATORRE, also known as "Little Joey," and THOMAS REYNOLDS, together with others, being persons employed by and associated with the Bonanno family, knowingly and intentionally conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below:

## RACKETEERING ACT ONE
(Conspiracy to Distribute Cocaine and Crack)

12. In or about and between January 1991 and November 1996, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH BENANTI, JOSEPH CALCO, FABRITZIO DEFRANCISCI, JOSEPH DELLATORRE and THOMAS REYNOLDS, together with others, knowingly and intentionally conspired to distribute substances containing cocaine and cocaine base, both being Schedule II narcotic drug controlled substances, in amounts in excess of five kilograms of cocaine and fifty grams

6

of cocaine base, in violation of Title 21, United States Code, Section 846.

### RACKETEERING ACT TWO
(Conspiracy to Distribute Marijuana)

13. In or about and between January 1991 and November 1996, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DEAN BENASILLO and FABRITZIO DEFRANCISCI, together with others, knowingly and intentionally conspired to distribute substances containing marijuana, a Schedule I drug controlled substance, in violation of Title 21, United States Code, Section 846.

### RACKETEERING ACT THREE
(Murder of Neil Nastro)

14. On or about October 18, 1992, within the Eastern District of New York, the defendants JOSEPH CALCO and THOMAS REYNOLDS, together with others, knowingly and intentionally murdered Neil Nastro, in violation of Sections 125.25(1) and 20.00 of the New York Penal Law.

### RACKETEERING ACT FOUR
(Murder of Vincent DePippo)

15. On or about October 18, 1992, within the Eastern District of New York, the defendants JOSEPH CALCO and THOMAS REYNOLDS, together with others, knowingly and intentionally murdered Vincent DePippo, in violation of Sections 125.25(1) and 20.00 of the New York Penal Law.

## RACKETEERING ACT FIVE
(Conspiracy to Murder)

16. In or about July 1993, within the Eastern District of New York, the defendants JOSEPH BENANTI, DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI and THOMAS REYNOLDS, together with others, knowingly and intentionally conspired to murder Dino Callabro, also known as "Big Dino," and Richard Grieves, in violation of Sections 125.25(1) and 105.15 of the New York Penal Law.

## RACKETEERING ACT SIX
(Attempted Murder)

17. The defendants named below committed the following acts, any one of which alone constitutes the commission of racketeering act six:

A. <u>Conspiracy to Murder Dino Serracino</u>

18. In or about July 1993, within the Eastern District of New York, the defendants DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI and THOMAS REYNOLDS, together with others, knowingly and intentionally conspired to murder Dino Serracino, also known as "Little Dino," in violation of Sections 125.25(1) and 105.15 of the New York Penal Law.

B. <u>Attempted Murder of Dino Serracino</u>

19. On or about July 18, 1993, within the Eastern District of New York, the defendants DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI And THOMAS REYNOLDS, together with others, knowingly and intentionally attempted to murder Dino Serracino,

also known as "Little Dino," in violation of Sections 125.25(1), 20.00 and 110.00 of the New York Penal Law.

    C.    <u>Attempted Murder of Joseph Compatiello</u>

    20.    On or about July 18, 1993, within the Eastern District of New York, the defendants DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI and THOMAS REYNOLDS, together with others, knowingly and intentionally attempted to murder Joseph Compatiello, also known also "Joey Caves," in violation of Sections 125.25(1), 20.00 and 110.00 of the New York Penal Law.

RACKETEERING ACT SEVEN
(Conspiracy to Murder and Murder)

    21.    The defendant named below committed the following acts, either one of which alone constitutes the commission of racketeering act seven:

    A.    <u>Conspiracy to Murder Paul Gulino</u>

    22.    In or about July 1993, within the Eastern District of New York and elsewhere, the defendant JOSEPH BENANTI, together with others, knowingly and intentionally conspired to murder Paul Gulino, in violation of Sections 125.25(1) and 105.15 of the New York Penal Law.

    B.    <u>Murder of Paul Gulino</u>

    23.    On or about July 25, 1993, within the Eastern District of New York, the defendant JOSEPH BENANTI, together with others, knowingly and intentionally murdered Paul Gulino, in violation of Sections 125.25(1) and 20.00 of the New York Penal Law.

### RACKETEERING ACT EIGHT
(Possession of Marijuana)

24. On or about August 9, 1994, within the Eastern District of New York, the defendants DEAN BENASILLO and FABRITZIO DEFRANCISCI, together with others, knowingly and intentionally possessed with intent to distribute a substance containing marijuana, a Schedule I drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 2.

### RACKETEERING ACT NINE
(Murder of Jack Cherin)

25. On or about January 18, 1995, within the Eastern District of New York, the defendant JOSEPH CALCO, together with others, knowingly and intentionally murdered Jack Cherin, also known as "Jack Meese," in violation of Sections 125.25(1) and 20.00 of the New York Penal Law.

### RACKETEERING ACT TEN
(Possession of Cocaine)

26. On or about November 26, 1996, within the Eastern District of New York, the defendant JOSEPH DELLATORRE knowingly and intentionally possessed with intent to distribute a substance containing cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 18, United States Code, Section 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
### (Racketeering Conspiracy)

27. The allegations of paragraphs 1 through 9 are realleged and incorporated as if fully set forth herein.

28. In or about and between January 1991 and the filing of this indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH BENANTI, DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI, also known as "Fabrizzio," JOSEPH DELLATORRE, also known as "Little Joey," ANTHONY GONZALEZ, also known as "Gonzo," THOMAS REYNOLDS, ANTHONY SPERO, and MICHAEL YAMMINE, together with others, being persons employed by and associated with the Bonanno family, knowingly and intentionally conspired to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, in violation of Title 18, United States Code, Section 1962(c).

29. The pattern of racketeering activity through which the defendants JOSEPH BENANTI, DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI, JOSEPH DELLATORRE, ANTHONY GONZALEZ, THOMAS REYNOLDS, ANTHONY SPERO, and MICHAEL YAMMINE agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth in paragraphs 30 through 45 below, as racketeering act 1 through 10, of this indictment. Each defendant agreed that at least two acts of racketeering would be committed in the conduct of the affairs of the enterprise.

11

### RACKETEERING ACT ONE
(Conspiracy to Distribute Cocaine and Crack)

30. In or about and between January 1991 and November 1996, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH BENANTI, JOSEPH CALCO, FABRITZIO DEFRANCISCI, JOSEPH DELLATORRE and THOMAS REYNOLDS, together with others, knowingly and intentionally conspired to distribute substances containing cocaine and cocaine base, both being Schedule II narcotic drug controlled substances, in amounts in excess of five kilograms of cocaine and fifty grams of cocaine base, in violation of Title 21, United States Code, Section 846.

### RACKETEERING ACT TWO
(Conspiracy to Distribute Marijuana)

31. In or about and between January 1991 and November 1996, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DEAN BENASILLO and FABRITZIO DEFRANCISCI, together with others, knowingly and intentionally conspired to distribute substances containing marijuana, a Schedule I drug controlled substance, in violation of Title 21, United States Code, Section 846.

### RACKETEERING ACT THREE
(Murder of Neil Nastro)

32. On or about October 18, 1992, within the Eastern District of New York, the defendants JOSEPH CALCO and THOMAS REYNOLDS, together with others, knowingly and intentionally murdered Neil Nastro, in violation of Sections 125.25(1) and 20.00 of the New York Penal Law.

### RACKETEERING ACT FOUR
(Murder of Vincent DePippo)

33. On or about October 18, 1992, within the Eastern District of New York, the defendants JOSEPH CALCO and THOMAS REYNOLDS, together with others, knowingly and intentionally murdered Vincent DePippo, in violation of Sections 125.25(1) and 20.00 of the New York Penal Law.

### RACKETEERING ACT FIVE
(Conspiracy to Murder)

34. In or about July 1993, within the Eastern District of New York, the defendants JOSEPH BENANTI, DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI, ANTHONY GONZALEZ, THOMAS REYNOLDS and MICHAEL YAMMINE, together with others, knowingly and intentionally conspired to murder Dino Callabro, also known as "Big Dino," and Richard Grieves, in violation of Sections 125.25(1) and 105.15 of the New York Penal Law.

### RACKETEERING ACT SIX
(Attempted Murder)

35. The defendants named below committed the following acts, any one of which alone constitutes the commission of racketeering act six:

A.   <u>Conspiracy to Murder Dino Serracino</u>

36. In or about July 1993, within the Eastern District of New York, the defendants DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI, ANTHONY GONZALEZ, THOMAS REYNOLDS and MICHAEL YAMMINE, together with others, knowingly and intentionally conspired to murder Dino Serracino, also known as "Little Dino," in violation of Sections 125.25(1) and 105.15 of the New York Penal Law.

B. Attempted Murder of Dino Serracino

37. On or about July 18, 1993, within the Eastern District of New York, the defendants DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI, ANTHONY GONZALEZ, THOMAS REYNOLDS and MICHAEL YAMMINE, together with others, knowingly and intentionally attempted to murder Dino Serracino, also known as "Little Dino," in violation of Sections 125.25(1), 20.00 and 110.00 of the New York Penal Law.

C. Attempted Murder of Joseph Compatiello

38. On or about July 18, 1993, within the Eastern District of New York, the defendants DEAN BENASILLO, JOSEPH CALCO, FABRITZIO DEFRANCISCI, ANTHONY GONZALEZ, THOMAS REYNOLDS and MICHAEL YAMMINE, together with others, knowingly and intentionally attempted to murder Joseph Compatiello, also known as "Joey Caves," in violation of Sections 125.25(1), 20.00 and 110.00 of the New York Penal Law.

RACKETEERING ACT SEVEN
(Conspiracy to Murder and Murder)

39. The defendants named below committed the following acts, either one of which alone constitutes the commission of racketeering act seven:

A. Conspiracy to Murder Paul Gulino

40. In or about July 1993, within the Eastern District of New York and elsewhere, the defendants JOSEPH BENANTI and ANTHONY SPERO, together with others, knowingly and intentionally conspired to murder Paul Gulino, in violation of Sections 125.25(1) and 105.15 of the New York Penal Law.

B.  Murder of Paul Gulino

41. On or about July 25, 1993, within the Eastern District of New York, the defendants JOSEPH BENANTI and ANTHONY SPERO, together with others, knowingly and intentionally murdered Paul Gulino, in violation of Sections 125.25(1) and 20.00 of the New York Penal Law.

### RACKETEERING ACT EIGHT
(Possession of Marijuana)

42. On or about August 9, 1994, within the Eastern District of New York, the defendants DEAN BENASILLO and FABRITZIO DEFRANCISCI knowingly and intentionally possessed with intent to distribute a substance containing marijuana, a Schedule I drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 2.

### RACKETEERING ACT NINE
(Murder of Jack Cherin)

43. On or about January 18, 1995, within the Eastern District of New York, the defendant JOSEPH CALCO, together with others, knowingly and intentionally murdered Jack Cherin, also known as "Jack Meese," in violation of Sections 125.25(1) and 20.00 of the New York Penal Law.

### RACKETEERING ACT TEN
(Possession of Cocaine)

44. On or about November 26, 1996, within the Eastern District of New York, the defendant JOSEPH DELLATORRE knowingly and intentionally possessed with intent to distribute a substance containing cocaine, a Schedule II narcotic drug controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT THREE
(Conspiracy to Distribute Cocaine and Cocaine Base)

45. In or about and between January 1991 and November 1996, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH BENANTI, JOSEPH BISSADA, also known as "Quaddafi," JOSEPH CALCO, FABRITZIO DEFRANCISCI, also known as "Fabrizzio," JOSEPH DELLATORRE, also known as "Little Joey, CHRISTOPHER LABATE, also known as "Chris AM," ROBERT PATTERSON, JOSEPH PONTECORVO, also known as "Joe Pont," MICHAEL PONTECORVO, also known as "Michael Pont," and THOMAS REYNOLDS, together with others, knowingly and intentionally conspired to distribute substances containing cocaine and cocaine base, both being Schedule II narcotic drug controlled substances, in amounts in excess of five kilograms of cocaine and fifty grams of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(ii)(II) and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 3551 et seq.)

16

## COUNT FOUR
(Conspiracy to Distribute Marijuana)

46. In or about and between January 1991 and November 1996, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DEAN BENASILLO and FABRITZIO DEFRANCISCI, also known as "Fabrizzio," together with others, knowingly and intentionally conspired to distribute substances containing marijuana, a Schedule I drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FIVE
(Narcotics Related Murder)

47. On or about January 18, 1995, within the Eastern District of New York, the defendant JOSEPH CALCO, together with others, while engaged in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A), to wit, the crime charged in count three of this indictment, knowingly and intentionally counseled, commanded, induced, procured and caused the intentional killing of an individual, to wit, Jack Cherin, also known as "Jack Meese," and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A); Title 18, United States Code, Sections 3551 et seq.)

## COUNT SIX
### (Use of Firearm)

48. On or about January 18, 1995, within the Eastern District of New York, the defendant JOSEPH CALCO knowingly and intentionally used and carried a firearm during and in relation to a crime of violence, to wit, the crime charged in count five of this indictment.

(Title 18, United States Code, Sections 924(c)(1), 2 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
ZACHARY W. CARTER
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
**ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.131**

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

_____ Criminal _____ Division

THE UNITED STATES OF AMERICA

vs.

JOSEPH BENANTI, et al.,

Defendants.

## INDICTMENT

(Title 18, United States Code, Sections 924(c)(1), 1962(c), 1962(d), 1963, 2 and 3551 et seq.; Title 21, United States Code, Sections 846, 848(e)(1)(A), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(iii) and 841(b)(1)(C))

A true bill.

_____
Foreman

Filed in open court this _____ day,

of _____ A.D. 19 _____

_____
Clerk

Bail, $ _____

JAMES WALDEN, AUSA 254-6377